Stephen M. Lobbin (CA Bar No. 181195)
sml@smlavvocati.com
**SML Avvocati P.C.**
969 Hilgard Avenue, Suite 1012
Los Angeles, California 90024
(949) 636-1391 (Phone)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **Qualitative Data Solutions, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **SenseGlove B.V.**, <br><br> Defendant. | Case No. 2:25-cv-01063 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Qualitative Data Solutions, LLC ("QDS") alleges as follows:

## PARTIES

1. Plaintiff is a Wyoming limited liability company with a principal place of business in Wyoming.

2. On information and belief, Defendant SenseGlove B.V. is a foreign company with a principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8. On April 24, 2018, the U.S. Patent Office ("USPTO") duly and legally issued U.S. Patent No. 9,953,494 entitled "Device, System and Method for Mobile Devices to Communicate Through Skin Response" ("the '494 patent"). Attached herewith as **Exhibit A** is a true and correct copy of the '494 patent.

9. On July 7, 2020, the USPTO duly and legally issued U.S. Patent No. 10,706,692 entitled "Device, System and Method for Mobile Devices to Communicate Through Skin Response" ("the '692 patent"). Attached herewith as **Exhibit B** is a true and correct copy of the '692 patent.

10. Plaintiff is the owner of the '494 patent and the '692 patent, possessing all rights of recovery under the patents including the exclusive right to recover for past, present and future infringement.

# COUNT ONE

## (Infringement of U.S. Patent No. 9,953,494)

11. Plaintiff refers to and incorporates the allegations in the foregoing paragraphs, the same as if set forth herein.

12. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

13. The '494 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '494 patent by making, using, offering to sell, selling and/or importing products including as specified in the infringement claim charts attached herewith as **Exhibit C**.

15. The acts of infringement include both direct and indirect infringement under 35 U.S.C. § 271(a)-(c), and literal infringement as well as infringement under the doctrine of equivalents.

16. At least since being served by this Complaint and corresponding claim chart, Defendant has knowingly continued to induce infringe the '494 patent.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

18. The acts of infringement complained of herein will continue unless Defendant is enjoined by this Court.

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT TWO

## (Infringement of U.S. Patent No. 10,706,692)

21. Plaintiff refers to and incorporates the allegations in the foregoing paragraphs, the same as if set forth herein.

22. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

23. The '692 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '692 patent by making, using, offering to sell, selling and/or importing products including as specified in the infringement claim charts attached herewith as **Exhibit D**.

25. The acts of infringement include both direct and indirect infringement under 35 U.S.C. § 271(a)-(c), and literal infringement as well as infringement under the doctrine of equivalents.

26. At least since being served by this Complaint and corresponding claim chart, Defendant has knowingly continued to induce infringe the '692 patent.

27. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

28. The acts of infringement complained of herein will continue unless Defendant is enjoined by this Court.

29. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

30. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of the '494 patent and the '692 patent (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity, including costs and attorney fees under Fed. R. Civ. P. 54 and 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: February 6, 2025                    Respectfully submitted,

                                           /s/ Stephen M. Lobbin

                                           ***Attorneys for Plaintiff***